IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    vs.                                                                                                    14-CR-779 JAP

**NICHOLAS RICHARD BLUME**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On March 30, 2016, Defendant Nicholas Blume filed a handwritten MOTION FOR RETURN OF SEIZED PROPERTY AND FOR SUPPRESSION OF EVIDENCE (Doc. No. 40) ("Motion") asking the Court to suppress from evidence and return to Defendant the $17,110 that law enforcement officials seized from Defendant on February 12, 2014 at the time of his arrest. In the UNITED STATES' RESPONSE IN OPPOSITION TO MOTION FOR RETURN OF SEIZED PROPERTY AND FOR SUPPRESSION OF EVIDENCE (Doc. No. 44) ("Response"), the United States maintains that the Court should deny the Motion because this cash "was administratively forfeited by the Bureau of Alcohol, Tobacco, Firearms, and Explosives" on October 30, 2014. *Id.* at 2. The United States points out that Defendant has pled guilty to the charges in this case and been sentenced to 103 months incarceration. *Id.* at 1. Defendant has not filed a reply. For the reasons outlined below, the Court will deny Defendant's Motion.

    *I.    Suppression of Evidence*

Under the Federal Rules of Criminal Procedure, a party seeking to suppress evidence must raise their request with the court through a pretrial motion. FED. R. CRIM. P. 12(b)(3)(C). Here, Defendant Blume voluntarily entered a guilty plea and was sentenced by the Court to a term of imprisonment of 103 months. *See* JUDGMENT (Doc. No. 39). Consequently,

Defendant's criminal case is closed and the court has no basis on which to consider or grant a motion to suppress the $17,110 from evidence as Defendant requests. Any order granting Defendant this relief would be superfluous. Defendant's plea agreement has obviated the need for trial or the presentation of evidence. As for Defendant's request that the Court suppress the $17,110 as evidence "in any further criminal proceeding," this lies outside the scope of the Court's power over this criminal prosecution. The Court will, therefore, deny Defendant's request for the suppression of evidence.

## II. Return of Property

The Court construes Defendant's request for the return of his money as a Federal Rule of Criminal Procedure 41(g) motion for the return of property. Rule 41(g) provides an equitable remedy by which the lawful owner of property seized for use in a criminal proceeding may secure the property's return. *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006). As a general matter, "[o]nce criminal proceedings have terminated, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011).

Here, the United States contends that it gained legal title to the money law enforcement officials seized from Defendant through an October 30, 2014 administrative forfeiture. Forfeiture Documents, Exhibit 1 to Response (Doc. No. 44-1). Defendant has not filed a reply contesting the authenticity of these forfeiture documents, which indicate that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") forfeited Defendant's $17,110 under 21 U.S.C. § 881 – the controlled substances forfeiture statute – and 18 U.S.C. § 983 – the statute providing

2

the general rules for administrative forfeitures. Title 18 U.S.C. § 893(e) sets out the standard for challenging or setting aside an administrative forfeiture:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

§ 893(e)(1). A motion filed according to these standards is the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." § 893(e)(5). Because Defendant has not filed such a motion, the administrative forfeiture of the cash stands[1] and the Court must deny Defendant's motion for the return of property. *See United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (a "claimant in a Rule 41(e) or equitable civil proceeding . . . must prove . . . a right to lawful possession of the property"); *see also United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996) ("[W]here the property sought to be returned has been administratively forfeited, the Court should not exercise Rule 41(e) jurisdiction if the movant has failed to challenge the forfeiture through the appropriate administrative and judicial procedures.").

---

[1] The Court takes no position on the validity of the administrative forfeiture. Defendant could very well have a valid argument for setting aside the forfeiture as the forfeiture documents indicate that Defendant did not receive notice of the forfeiture. (Doc. No. 44-1 at 1). According to the "status inquiry" provided by the United States, on March 26, 2014, ATF sent Defendant notice of the administrative forfeiture at 5600 SE Gibson Blvd, Unit 449, Albuquerque, New Mexico. This notice was returned undelivered and the "notification status" marked "unable to notice." *Id.* This is unsurprising as Defendant has been in federal custody from his February 2014 arrest through the present. Because ATF presumably knew of Defendant's arrest and incarceration (an ATF agent signed the complaint against Defendant that commenced this criminal prosecution), there is a strong argument that ATF did not take reasonable steps to provide Defendant with notice of the administrative forfeiture proceedings. However, it is not this Court's job to pursue these arguments. If Defendant would like to move to set aside the administrative forfeiture, the proper course is for him to file a motion under 18 U.S.C. § 893(e).

IT IS THEREFORE ORDERED that Defendant's MOTION FOR RETURN OF SEIZED PROPERTY AND FOR SUPPRESSION OF EVIDENCE (Doc. No. 40) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE